# EXHIBIT 1

Public Law 95-91
95th Congress

## An Act

*To establish a Department of Energy in the executive branch by the reorganization of energy functions within the Federal Government in order to secure effective management to assure a coordinated national energy policy, and for other purposes.*

Aug. 4, 1977
[S. 826]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled*, That this Act may be cited as the "Department of Energy Organization Act".

Department of Energy Organization Act.
42 USC 7101 note.

TABLE OF CONTENTS


Sec. 2. Definitions.

TITLE I—DECLARATION OF FINDINGS AND PURPOSES

Sec. 101. Findings.
Sec. 102. Purposes.
Sec. 103. Relationship with States.

TITLE II—ESTABLISHMENT OF THE DEPARTMENT

Sec. 201. Establishment.
Sec. 202. Principal officers.
Sec. 203. Assistant Secretaries.
Sec. 204. Federal Energy Regulatory Commission.
Sec. 205. Energy Information Administration.
Sec. 206. Economic Regulatory Administration.
Sec. 207. Comptroller General functions.
Sec. 208. Office of Inspector General.
Sec. 209. Office of Energy Research.
Sec. 210. Leasing Liaison Committee.

TITLE III—TRANSFERS OF FUNCTIONS

Sec. 301. General transfers.
Sec. 302. Transfers from the Department of the Interior.
Sec. 303. Administration of leasing transfers.
Sec. 304. Transfers from the Department of Housing and Urban Development.
Sec. 305. Coordination with the Department of Transportation.
Sec. 306. Transfer from the Interstate Commerce Commission.
Sec. 307. Transfers from the Department of the Navy.
Sec. 308. Transfers from the Department of Commerce.
Sec. 309. Naval reactor and military application programs.
Sec. 310. Transfer to the Department of Transportation.

TITLE IV—FEDERAL ENERGY REGULATORY COMMISSION

Sec. 401. Appointment and administration.
Sec. 402. Jurisdiction of the Commission.
Sec. 403. Initiation of rulemaking proceedings before Commission.
Sec. 404. Referral of other rulemaking proceedings to Commission.
Sec. 405. Right of Secretary to intervene in Commission procedures.
Sec. 406. Reorganization.
Sec. 407. Access to information.

TITLE V—ADMINISTRATIVE PROCEDURES AND JUDICIAL REVIEW

Sec. 501. Procedures.
Sec. 502. Judicial review.
Sec. 503. Remedial orders.
Sec. 504. Requests for adjustments.
Sec. 505. Review and effect.

(14) to assure, to the maximum extent practicable, that the productive capacity of private enterprise shall be utilized in the development and achievement of the policies and purposes of this Act;

(15) to provide for, encourage, and assist public participation in the development and enforcement of national energy programs;

(16) to create an awareness of, and responsibility for, the fuel and energy needs of rural and urban residents as such needs pertain to home heating and cooling, transportation, agricultural production, electrical generation, conservation, and research and development;

(17) to foster insofar as possible the continued good health of the Nation's small business firms, public utility districts, municipal utilities, and private cooperatives involved in energy production, transportation, research, development, demonstration, marketing, and merchandising; and

(18) to provide for the administration of the functions of the Energy Research and Development Administration related to nuclear weapons and national security which are transferred to the Department by this Act.

RELATIONSHIP WITH STATES

SEC. 103. Whenever any proposed action by the Department conflicts with the energy plan of any State, the Department shall give due consideration to the needs of such State, and where practicable, shall attempt to resolve such conflict through consultations with appropriate State officials. Nothing in this Act shall affect the authority of any State over matters exclusively within its jurisdiction. 42 USC 7113.

## TITLE II—ESTABLISHMENT OF THE DEPARTMENT

ESTABLISHMENT

SEC. 201. There is hereby established at the seat of government an executive department to be known as the Department of Energy. There shall be at the head of the Department a Secretary of Energy (hereinafter in this Act referred to as the "Secretary"), who shall be appointed by the President by and with the advice and consent of the Senate. The Department shall be administered, in accordance with the provisions of this Act, under the supervision and direction of the Secretary. 42 USC 7131. Secretary of Energy, appointment and confirmation.

PRINCIPAL OFFICERS

SEC. 202. (a) There shall be in the Department a Deputy Secretary, who shall be appointed by the President, by and with the advice and consent of the Senate, and who shall be compensated at the rate provided for level II of the Executive Schedule under section 5313 of title 5, United States Code. The Deputy Secretary shall act for and exercise the functions of the Secretary during the absence or disability of the Secretary or in the event the office of Secretary becomes vacant. The Secretary shall designate the order in which the Under Secretary and other officials shall act for and perform the functions of the Secretary during the absence or disability of both the Secretary and Deputy Secretary or in the event of vacancies in both of those offices. Deputy Secretary, appointment and confirmation. 42 USC 7132.

(b) There shall be in the Department an Under Secretary and a General Counsel, who shall be appointed by the President, by and with the advice and consent of the Senate, and who shall perform such Under Secretary and General Counsel, appointment and confirmation.

# UNITED STATES CODE

## 1982 EDITION

CONTAINING THE GENERAL AND PERMANENT LAWS
OF THE UNITED STATES, IN FORCE
ON JANUARY 14, 1983

Prepared and published under authority of Title 2, U.S. Code, Section 285b
*by the Office of the Law Revision Counsel of the House of Representatives*

U.S. DEPT. OF JUSTICE
DEC 10 1991
TAX LIBRARY

## VOLUME SIXTEEN

TITLE 42—THE PUBLIC HEALTH AND WELFARE
§ 1981–END

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 1983

## SUBCHAPTER II—ESTABLISHMENT OF THE DEPARTMENT

### SUBCHAPTER REFERRED TO IN OTHER SECTIONS

This subchapter is referred to in sections 7232, 7341 of this title.

### § 7131. Establishment

There is established at the seat of government an executive department to be known as the Department of Energy. There shall be at the head of the Department a Secretary of Energy (hereinafter in this chapter referred to as the "Secretary"), who shall be appointed by the President by and with the advice and consent of the Senate. The Department shall be administered, in accordance with the provisions of this chapter, under the supervision and direction of the Secretary.

(Pub. L. 95-91, title II, § 201, Aug. 4, 1977, 91 Stat. 569.)

#### REFERENCES IN TEXT

This chapter, referred to in text, was in the original "this Act", meaning Pub. L. 95-91, Aug. 4, 1977, 91 Stat. 565, as amended, known as the Department of Energy Act, which is classified principally to this chapter. For complete classification of this Act to the Code, see Short Title note set out under section 7101 of this title and Tables.

### § 7132. Principal officers

(a) There shall be in the Department a Deputy Secretary, who shall be appointed by the President, by and with the advice and consent of the Senate, and who shall be compensated at the rate provided for level II of the Executive Schedule under section 5313 of title 5. The Deputy Secretary shall act for and exercise the functions of the Secretary during the absence or disability of the Secretary or in the event the office of Secretary becomes vacant. The Secretary shall designate the order in which the Under Secretary and other officials shall act for and perform the functions of the Secretary during the absence or disability of both the Secretary and Deputy Secretary or in the event of vacancies in both of those offices.

(b) There shall be in the Department an Under Secretary and a General Counsel, who shall be appointed by the President, by and with the advice and consent of the Senate, and who shall perform such functions and duties as the Secretary shall prescribe. The Under Secretary shall bear primary responsibility for energy conservation. The Under Secretary shall be compensated at the rate provided for level III of the Executive Schedule under section 5314 of title 5, and the General Counsel shall be compensated at the rate provided for level IV of the Executive Schedule under section 5315 of title 5.

(Pub. L. 95-91, title II, § 202, Aug. 4, 1977, 91 Stat. 569.)

### § 7133. Assistant Secretaries; appointment and confirmation; identification of responsibilities

(a) There shall be in the Department eight Assistant Secretaries, each of whom shall be appointed by the President, by and with the advice and consent of the Senate; who shall be compensated at the rate provided for at level IV of the Executive Schedule under section 5315 of title 5; and who shall perform, in accordance with applicable law, such of the functions transferred or delegated to, or vested in, the Secretary as he shall prescribe in accordance with the provisions of this chapter. The functions which the Secretary shall assign to the Assistant Secretaries include, but are not limited to, the following:

(1) Energy resource applications, including functions dealing with management of all forms of energy production and utilization, including fuel supply, electric power supply, enriched uranium production, energy technology programs, and the management of energy resource leasing procedures on Federal lands.

(2) Energy research and development functions, including the responsibility for policy and management of research and development for all aspects of—

(A) solar energy resources;

(B) geothermal energy resources;

(C) recycling energy resources;

(D) the fuel cycle for fossil energy resources; and

(E) the fuel cycle for nuclear energy resources.

(3) Environmental responsibilities and functions, including advising the Secretary with respect to the conformance of the Department's activities to environmental protection laws and principles, and conducting a comprehensive program of research and development on the environmental effects of energy technologies and programs.

(4) International programs and international policy functions, including those functions which assist in carrying out the international energy purposes described in section 7112 of this title.

(5) National security functions, including those transferred to the Department from the Energy Research and Development Administration which relate to management and implementation of the nuclear weapons program and other national security functions involving nuclear weapons research and development.

(6) Intergovernmental policies and relations, including responsibilities for assuring that national energy policies are reflective of and responsible to the needs of State and local governments, and for assuring that other components of the Department coordinate their activities with State and local governments, where appropriate, and develop intergovernmental communications with State and local governments.

(7) Competition and consumer affairs, including responsibilities for the promotion of competition in the energy industry and for the protection of the consuming public in the energy policymaking processes, and assisting the Secretary in the formulation and analysis of policies, rules, and regulations relating to competition and consumer affairs.

(8) Nuclear waste management responsibilities, including—

(c) Findings and waivers file; availability to public

The Secretary shall maintain a file containing all findings and waivers made by him pursuant to section 7212(c), 7213(c), 7215(a), or 7216(c) of this title and all such findings and waivers shall be available for public inspection and copying at all times during regular working hours in accordance with the procedures of this section.

(Pub. L. 95-91, title VI, § 607, Aug. 4, 1977, 91 Stat. 596; 1978 Reorg. Plan No. 2, § 102, eff. Jan. 1, 1979, 43 F.R. 36037, 92 Stat. 3784.)

TRANSFER OF FUNCTIONS

"Director of the Office of Personnel Management" was substituted for "Civil Service Commission" and "Commission" in subsec. (b), pursuant to Reorg. Plan No. 2 of 1978, § 102, 43 F.R. 36037, 92 Stat. 3783, set out under section 1101 of Title 5, Government Organization and Employees, which transferred all functions vested by statute in the United States Civil Service Commission to the Director of the Office of Personnel Management (except as otherwise specified), effective Jan. 1, 1979, as provided by section 1-102 of Ex. Ord. No. 12107, Dec. 28, 1978, 44 F.R. 1055, set out under section 1101 of Title 5.

### § 7218. Sanctions

(a) Criminal penalty

Any individual who is subject to, and knowingly violates, section 7213 of this title shall be fined not more than $2,500 or imprisoned not more than one year, or both.

(b) Civil penalty

Any individual who violates section 7212, 7213, 7214, 7215, or 7216 of this title shall be subject to a civil penalty, assessed by the Secretary in accordance with applicable law or by any district court of the United States, not to exceed $10,000 for each violation.

(c) Violations of postemployment prohibitions and reporting requirements considered in deciding outcome of Department proceedings

Notwithstanding any penalty imposed under subsection (a) of this section, any violation of section 7215(a) of this title shall be taken into consideration in deciding the outcome of any Department proceeding in connection with which the prohibited appearance, attendance, communication, or submission was made.

(d) Effect on operation of sections 207 and 208 of title 18

Nothing in this title shall be deemed to limit the operation of section 207 or section 208 of title 18. Nor shall any waiver issued pursuant to section 7212(c) of this title constitute a waiver of the requirements of such provision.

(Pub. L. 95-91, title VI, § 608, Aug. 4, 1977, 91 Stat. 596.)

## PART B—PERSONNEL PROVISIONS

### § 7231. Officers and employees

(a) Authority of Secretary to appoint and fix compensation

In the performance of his functions the Secretary is authorized to appoint and fix the compensation of such officers and employees, including attorneys, as may be necessary to carry out such functions. Except as otherwise provided in this section, such officers and employees shall be appointed in accordance with the civil service laws and their compensation fixed in accordance with title 5.

(b) Appointment of scientific, engineering, etc., personnel without regard to civil service laws; compensation; termination of authority

(1) Subject to the limitations provided in paragraph (2) and to the extent the Secretary deems such action necessary to the discharge of his functions, he may appoint not more than three hundred eleven of the scientific, engineering, professional, and administrative personnel of the department without regard to the civil service laws, and may fix the compensation of such personnel not in excess of the maximum rate payable for GS-18 of the General Schedule under section 5332 of title 5.

(2) The Secretary's authority under this subsection to appoint an individual to such a position without regard to the civil service laws shall cease—

(A) when a person appointed, within four years after October 1, 1977, to fill such position under paragraph (1) leaves such position, or

(B) on the day which is four years after such date,

whichever is later.

(c) Placement of GS-16, GS-17, and GS-18 positions without regard to section 3324 of title 5; termination of authority

(1) Subject to the provisions of chapter 51 of title 5 but notwithstanding the last two sentences of section 5108(a) of such title, the Secretary may place at GS-16, GS-17, and GS-18, not to exceed one hundred seventy-eight positions of the positions subject to the limitation of the first sentence of section 5108(a) of such title.

(2) Appointments under this subsection may be made without regard to the provisions of sections 3324 of title 5, relating to the approval by the Director of the Office of Personnel Management of appointments under GS-16, GS-17, and GS-18 if the individual placed in such position is an individual who is transferred in connection with a transfer of functions under this chapter and who, immediately before October 1, 1977, held a position and duties comparable to those of such position.

(3) The Secretary's authority under this subsection with respect to any position shall cease when the person first appointed to fill such position leaves such position.

(d) Appointment of additional scientific, engineering, etc., personnel without regard to civil service laws; compensation

In addition to the number of positions which may be placed at GS-16, GS-17, and GS-18 under section 5108 of title 5, under existing law, or under this chapter, and to the extent the Secretary deems such action necessary to the discharge of his functions, he may appoint not more than two hundred of the scientific, engineering, professional, and administrative per-

status, office, rank, or grade which officers or enlisted men may occupy or hold or any emolument, perquisite, right, privilege, or benefit incident to, or arising out of, such status, office, rank, or grade. A member so detailed shall not be subject to direction or control by his armed force, or any officer thereof, directly or indirectly, with respect to the responsibilities exercised in the position to which detailed.

(Pub. L. 95-91, title VI, § 625, Aug. 4, 1977, 91 Stat. 598; Pub. L. 95-509, title II, § 210, Oct. 24, 1978, 92 Stat. 1779.)

AMENDMENTS

1978—Subsec. (b). Pub. L. 95-509 deleted requirement that a detailed member be charged to the limitations applicable to the Department and prohibition of such member from being charged to any statutory or other limitation or strengths applicable to the Armed Forces.

## PART C—GENERAL ADMINISTRATIVE PROVISIONS

### § 7251. General authority

To the extent necessary or appropriate to perform any function transferred by this chapter, the Secretary or any officer or employee of the Department may exercise, in carrying out the function so transferred, any authority or part thereof available by law, including appropriation Acts, to the official or agency from which such function was transferred.

(Pub. L. 95-91, title VI, § 641, Aug. 4, 1977, 91 Stat. 598.)

### § 7252. Delegation

Except as otherwise expressly prohibited by law, and except as otherwise provided in this chapter, the Secretary may delegate any of his functions to such officers and employees of the Department as he may designate, and may authorize such successive redelegations of such functions within the Department as he may deem to be necessary or appropriate.

(Pub. L. 95-91, title VI, § 642, Aug. 4, 1977, 91 Stat. 599.)

### § 7253. Reorganization

The Secretary is authorized to establish, alter, consolidate or discontinue such organizational units or components within the Department as he may deem to be necessary or appropriate. Such authority shall not extend to the abolition of organizational units or components established by this chapter, or to the transfer of functions vested by this chapter in any organizational unit or component.

(Pub. L. 95-91, title VI, § 643, Aug. 4, 1977, 91 Stat. 599.)

### § 7254. Rules and regulations

The Secretary is authorized to prescribe such procedural and administrative rules and regulations as he may deem necessary or appropriate to administer and manage the functions now or hereafter vested in him.

(Pub. L. 95-91, title VI, § 644, Aug. 4, 1977, 91 Stat. 599.)

### § 7255. Subpoena

For the purpose of carrying out the provisions of this chapter, the Secretary, or his duly authorized agent or agents, shall have the same powers and authorities as the Federal Trade Commission under section 49 of title 15 with respect to all functions vested in, or transferred or delegated to, the Secretary or such agents by this chapter. For purposes of carrying out its responsibilities under the Natural Gas Policy Act of 1978 [15 U.S.C. 3301 et seq.], the Commission shall have the same powers and authority as the Secretary has under this section.

(Pub. L. 95-91, title VI, § 645, Aug. 4, 1977, 91 Stat. 599; Pub. L. 95-621, title V, § 508(a), Nov. 9, 1978, 92 Stat. 3408.)

REFERENCES IN TEXT

The Natural Gas Policy Act of 1978, referred to in text, is Pub. L. 95-621, Nov. 9, 1978, 92 Stat. 3350, which is classified generally to chapter 60 (§ 3301 et seq.) of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 3301 of Title 15 and Tables.

AMENDMENTS

1978—Pub. L. 95-621 added provision giving the Commission the same powers and authority as the Secretary under this section for purposes of carrying out its responsibilities under the Natural Gas Policy Act of 1978.

### § 7256. Contracts, leases, etc., with public agencies and private organizations and persons

(a) The Secretary is authorized to enter into and perform such contracts, leases, cooperative agreements, or other similar transactions with public agencies and private organizations and persons, and to make such payments (in lump sum or installments, and by way of advance or reimbursement) as he may deem to be necessary or appropriate to carry out functions now or hereafter vested in the Secretary.

(b) Notwithstanding any other provision of this subchapter, no authority to enter into contracts or to make payments under this subchapter shall be effective except to such extent or in such amounts as are provided in advance in appropriation Acts.

(Pub. L. 95-91, title VI, § 646, Aug. 4, 1977, 91 Stat. 599.)

SMALL BUSINESS CONCERNS PARTICIPATION IN PROGRAMS FUNDED BY DEPARTMENT OF ENERGY ACT OF 1978—CIVILIAN APPLICATIONS; REPORT TO CONGRESSIONAL COMMITTEES

Pub. L. 95-238, title II, § 204, Feb. 25, 1978, 92 Stat. 59, as amended by Pub. L. 96-470, title II, § 203(f), Oct. 19, 1980, 94 Stat. 2243, provided that:

"(a) In carrying out the programs for which funds are authorized by this Act [see Tables for classification], the Secretary of Energy shall provide a realistic and adequate opportunity for small business concerns to participate in such programs to the optimum extent feasible consistent with the size and nature of the projects and activities involved.

"(b) The Secretary of Energy shall submit annually to the appropriate committees of the House of Representatives and the Senate a full report on the actions taken in carrying out subsection (a) during the preceding year, including the extent to which small business concerns are participating in the programs involved

EXHIBIT 2

DEPARTMENT OF ENERGY

DELEGATION ORDER NO: 0204-98

TO THE ASSISTANT SECRETARY, MANAGEMENT AND ADMINISTRATION

Pursuant to the authority vested in me as Secretary of Energy ("Secretary") and Section 642 of the Department of Energy Organization Act (P.L. 95-91) there is hereby delegated to the Assistant Secretary, Management and Administration, on a non-exclusive basis, the authority to:

1. Establish hours of duty and administrative work week for Department of Energy (DOE) Headquarters and for field organizations that do not have such authority.

2. Approve Federal Labor-Management Agreements.

3. Approve personnel actions involving positions at the GS-15 level and below or equivalent levels.

4. Approve personnel actions relating to the appointment of experts and consultants pursuant to Section 3109 of title 5 of the United States Code (Schedule A Authority).

5. Approve actions relating to the establishment of confidential or policy determining positions (Schedule C Authority).

6. Serve as Executive Secretary of the Executive Personnel Board.

7. Approve Headquarters organization changes at the third and fourth level (offices and divisions or equivalent) and approve field organization changes at the second level (Assistant Managers or equivalent).

8. Enter into, approve, administer, modify, close-out, terminate, and take such other action as may be necessary and appropriate with respect to any procurement contract, sales contract, interagency agreement, financial assistance agreement, financial incentive agreement or other similar action binding the Department of Energy to the obligation and expenditure of public funds or to the sale of products and services. Such action shall include the rendering of approvals, determinations and decisions, except those required by law or regulation to be made by other authority.

9. Serve as the Senior Procurement Official, Headquarters, to whom authority for extraordinary contractual actions to facilitate the national defense pursuant to P.L. 85-804 and Executive Order 10789, as amended, is delegated by 41 CFR 9-17.101(b)(1).

10. Establish dollar threshold amounts or other limitations for DOE Headquarters and field activities to observe when entering into and approving procurement contracts, interagency agreements, financial assistance agreements, financial incentive agreements, sales contracts or similar agreements.

11. Designate contracting officers.

12. Acquire, manage and dispose of personal property held by the Department for official use by its employees or contractors.

13. Sign applications for permits to procure tax-free spirits from a distilled spirits plant for nonbeverage purposes for use by the Department, as authorized by 26 USC 5271 and 27 CFR 213.142.

14. Designate to the Treasury Department those DOE employees who will serve as certifying officers and agent/imprest fund cashiers.

15. Appoint officials authorized to certify financial statements to Treasury, other Federal agencies and to Congress as required by law or regulation. This authority may not be redelegated.

16. Establish, approve and issue financial plans and allotments for all components of DOE and make disbursements pursuant thereto.

17. Establish, approve and implement systems of administrative financial controls to restrict expenditure obligations of components of DOE to the amount of apportionments to such components, and to establish, approve and implement systems of administrative financial controls to ascertain responsibility for the creation of all such expenditure obligations.

18. Approve exceptions to the full-cost recovery pricing policy.

19. Sign all documents and take such other action as may be necessary and appropriate for the submission for publication to the Federal Register, where the authority to sign such documents has not otherwise been delegated to other officers of the Department of Energy.

20. Report violations of the Anti-Deficiency Act (31 U.S.C. 665) and act in the name of the Secretary for the purpose of enforcing the Anti-Deficiency Act within the Department.

21. Determine that utilization of the authority contained in Section 101(c) of the Defense Production Act of 1950, as amended, will "maximize domestic energy supplies," as contemplated by Section 2(b) of Defense Mobilization Order 13. This determination will be made after consultation with the General Counsel and the Director of Policy, Planning, and Analysis.

22. Find that certain supplies of material or equipment are critical and essential to maintain or to increase exploration for energy supplies or their production, refining, transportation or conservation or to construct and to maintain energy facilities, as described in Section 101(c)(3)(A) of the Defense Production Act of 1950, as amended.

23. Approve Departmental Directives.

24. With the concurrence of the General Counsel, request from the General Services Administration ("GSA") that the Secretary of Energy be authorized to intervene in proceedings relating to utility matters before any Federal or State regulatory agency or commission in order to represent the consumer interests of Executive Agencies of the Federal Government in such proceedings; and to intervene in such proceedings pursuant to an authorization received from GSA, subject to the concurrence and with the assistance of the General Counsel.

25. Approve acquisitions of automatic data processing and telecommunications equipment.

26. Designate the DOE Freedom of Information Act and Privacy Act Officers.

27. Take all necessary actions to acquire, by purchase, lease, or otherwise, real property and interests therein; take necessary additional actions following the initiation of condemnation proceedings and the execution of declarations of taking; and exercise all authority of the Secretary regarding the management and disposal of Departmental real estate. This authority does not extend to initiation of condemnation proceedings or execution of declarations of taking.

28. Issue rules and regulations as necessary and appropriate to carry out the authorities in this delegation except that this authority may be redelegated only to the heads of organizations reporting to the Assistant Secretary and may not be further redelegated.

29. Take such other action as the Secretary or his authorized delegate(s) may, from time to time, direct or authorize.

The authority delegated to the Assistant Secretary, Management and Administration may be further delegated, in whole or in part, as may be appropriate, except as specifically prohibited in this delegation.

In exercising the authority delegated by this Order the delegate shall be governed by the rules and regulations of DOE and the policies and procedures prescribed by the Secretary or his delegate.

The authorities delegated in this Order are in addition to, and not in limitation of, any authorities delegated or responsibilities assigned to the Assistant Secretary, Management and Administration by any other DOE delegation, written or oral, or by any Departmental Directive, regulation, or other issuance.

All actions pursuant to any authority delegated prior to this Order or pursuant to any authority delegated by this Order taken prior to and in effect on the date of this Order are hereby confirmed and ratified, and shall remain in full force and effect as if taken under this Order, unless or until rescinded, amended or superseded.

Nothing in this Order shall preclude the Secretary from exercising any of the authority so delegated whenever in his judgment the exercise of such authority is necessary or appropriate to administer the functions vested in him.

Delegation Orders No. 0204-5, 0204-6, 0204-7, 0204-9, 0204-73, and 0204-74 are hereby rescinded.

This order is effective June 14, 1982.

James B. Edwards
Secretary of Energy

# EXHIBIT 3

DEPARTMENT OF ENERGY

ASSISTANT SECRETARY, MANAGEMENT AND ADMINISTRATION

REDELEGATION ORDER NO: 0204-98.1

TO THE DIRECTOR, PROCUREMENT AND ASSISTANCE MANAGEMENT

Pursuant to the authority vested in me by the Secretary of Energy there is hereby delegated to the Director, Procurement and Assistance Management (the Senior Procurement Official) the following specific authorities:

1. Enter into, approve, administer, modify, close-out, terminate, and take such other action as may be necessary and appropriate with respect to any procurement contract, sales contract, interagency agreement, financial assistance agreement, financial incentive agreement or other similar action binding the Department of Energy to the obligation and expenditure of public funds or to the sale of products and services. Such action shall include the rendering of approvals, determinations and decisions, except those required by law or regulation to be made by other authority and the issuance of regulations to carry out the functions and authorities of this delegation.

2. Serve as the Senior Procurement Official, Headquarters, to whom authority for extraordinary contractual actions to facilitate the national defense pursuant to P.L. 85-804 and Executive Order 10789, as amended, is delegated by 41 CFR 9-17.101(b)(1). The authority conferred by this paragraph shall not be used to obligate the United States in an amount in excess of $50,000 without approval of the Assistant Secretary, Management and Administration.

3. Establish dollar threshold amounts or other limitations for DOE Headquarters and field activities to observe when entering into and approving procurement contracts, interagency agreements, financial assistance agreements, financial incentive agreements, sales contracts or similar actions.

4. Designate contracting officers.

5. Acquire, manage and dispose of personal property held by the Department for official use by its employees or contractors.

6. Sign applications for permits to procure tax-free spirits from a distilled spirits plant for nonbeverage purposes for use by the Department, as authorized by 26 U.S.C. 5271 and 27 C.F.R. 213.142.

7. Determine that utilization of the authority contained in Section 101(c) of the Defense Production Act of 1950, as amended, will "maximize domestic energy supplies", as contemplated by Section 2(b) of Defense Mobilization Order 13. This determination will be made after consultation with the General Counsel and the Director of Policy, Planning, and Analysis.

8. Find that certain supplies of material or equipment are critical and essential to maintain or to increase exploration for energy supplies or their production, refining, transportation or conservation or to construct and to maintain energy facilities, as described in Section 101(c)(3)(A) of the Defense Production Act of 1950, as amended.

9. Sign all documents relating to procurement contracts, sales contracts, interagency agreements, financial assistance agreements, financial incentive agreements and similar agreements and related regulations and take such other action as may be necessary and appropriate for the submission for publication to the Federal Register.

10. Take such other action as the Assistant Secretary, Management and Administration or his authorized delegate(s) may, from time to time, direct or authorize.

The authority delegated to the Director, Procurement and Assistance Management may be further delegated, in whole or in part, as may be appropriate.

In exercising the authority delegated by this Order the delegate shall be governed by the rules and regulations of DOE and the policies and procedures prescribed by the Assistant Secretary, Management and Administration or his delegate.

The authorities delegated in this order are in addition to, and not in limitation of, any authorities delegated or responsibilities assigned to the Director, Procurement and Assistance Management by any other DOE delegation, written or oral, or by any Departmental Directive, regulation, or other issuance.

All actions pursuant to any authority delegated prior to this Order or pursuant to any authority delegated by this Order taken prior to and in effect on the date of this Order are hereby confirmed and ratified, and shall remain in full force and effect as if taken under this Order, unless or until rescinded, amended or superseded.

Nothing in this Order shall preclude the Assistant Secretary, Management and Administration from exercising any of the authority so delegated whenever in his judgment the exercise of such authority is necessary or appropriate to administer the functions vested in him.

This order is effective June 14, 1982.

William S. Heffelfinger
Assistant Secretary
Management and Administration

EXHIBIT 4

United States Government Department of Energy

# memorandum

DATE: JUL 0 8 1986

REPLY TO ATTN OF: MA-441

SUBJECT: Delegation of Authority/Designation Head of Contracting Activity (HCA)

TO: Manager, Albuquerque Operations Office

Department of Energy (DOE) Redelegation Order 0204-98.1 sets forth various authorities delegated to the Director, Procurement and Assistance Management Directorate (Director), and provides that these authorities may be further redelegated in whole or in part as may be deemed appropriate. This memorandum serves to redelegate to you the specific authority to:

ACQUISITION

Approve, enter into (award/execute), administer, modify, close out, terminate, and take such other actions as may be necessary and appropriate with respect to any contractual arrangement (including interagency and other funds-out agreements) committing the DOE to the obligation and expenditure of public funds: provided, the execution of such actions conforms with applicable laws, regulations, orders, and procedures including those determinations and decisions as required or described in the Department of Energy Acquisition Regulation; provided further, any such action (other than a funding modification) of $10,000,000 or more, including the value of all priced options or estimates of unpriced options and any contractor cost share or in-kind contributions shall have the prior approval, or waiver thereof, of the Director or designee except that in the case of a subcontract consent/approval action this amount shall be $25,000,000; provided further, that any competitive solicitation intended to result in award of a contract or multiple contracts having a total value of $10,000,000 or more shall also have the prior approval, or waiver thereof, of the Director or designee. This authority may be redelegated, with the power of further redelegation.

Designate Competition Advocates for each installation that has been delegated contracting authority and reports to you as HCA to perform those duties required by the Competition in Contracting Act of 1984, 98 Stat 1175 et. seq. (Public Law 98-369), provided such designation, if below the GM-15 level, shall be approved by me. This authority may not be redelegated.

Exercise the determination required by the Federal Acquisition Regulations, in the case of Mistake in Bids alleged after opening of bids and before award, and make all administrative determinations regarding withdrawal of bids. This authority may not be redelegated.

ASSISTANCE

Approve, enter into (award), administer, modify, close out, terminate, and take such other actions as may be necessary and appropriate regarding financial assistance and financial incentive instruments, including but not limited to grants, cooperative agreements, loans and loan guarantees, price support and guaranteed market agreements, committing the Department to the obligation and expenditure of public funds; provided such actions conform with applicable laws, policies, regulations and procedures; provided further, any grant or cooperative agreement action of $5,000,000 or more including any performer cost share or in-kind contribution and all actions for loans and loan guarantees, price support agreements, and all other such financial incentive actions irrespective of amount, shall have the prior approval, or a waiver thereof, of the Director or designee except that in the case of those statutorily required grant awards (formula grants including the institutional awards under the Institutional Conservation Program) the prior approval amount shall be $10,000,000; provided further, any solicitation document which may result in a financial assistance or incentive award or multiple awards with a collective value of $5,000,000 or more shall also have the prior approval, or waiver thereof, of the Director or designee. This authority may be redelegated, with the power of further redelegation.

Submit to the Federal Register for publication all notices of financial assistance solicitations. This authority may be redelegated one level below that of the HCA, without the power of further redelegation.

SALES

Approve, enter into, and take such other actions as may be necessary and appropriate, with respect to agreements committing the Department to the sale of products and services, including funds-in interagency agreements and other agreements providing for reimbursable work for others; provided, such agreements are made pursuant to any applicable laws, Executive orders, regulations, and directives governing policies and procedures; provided further, all reimbursable work for others shall have been authorized by the designated official responsible for such work, and statutory, other legal, and regulatory authority to perform the reimbursable work exists. This authorization may be redelegated with power of further redelegation provided such redelegation to other than contracting officers is no more than two levels below that of the HCA.

PROPERTY

Manage and dispose consistent with applicable laws, regulations, policies and procedures, all personal property held by DOE for official use by Departmental employees, contractors, and recipients. This authority may be redelegated.

CONTRACTING OFFICERS

Appoint Contracting Officers for acquisition, assistance and sales actions in accordance with DOE Order 4200.4.

Having been delegated the authorities prescribed above for the award of acquisition, assistance, and sales instruments, as well as appoint contracting officers to help carry out these authorities, you are also designated as an HCA for performance of those functions and duties specifically reserved to an HCA or designee as may be appropriate. The following DOE organizations are designated Contracting Activities and shall report to you as HCA:

Albuquerque Operations Office
Dallas Support Office
Kansas City Support Office
Dayton Area Office
Amarillo Area Office
Kansas City Area Office
Pinellas Area Office
Rocky Flats Area Office
Los Alamos Area Office

The authorities redelegated by this memorandum are in addition to, and not in limitation of, any other authorities delegated or responsibilities assigned to your office orally or in writing, or by any Departmental directive, regulation, or other issuance.

All actions pursuant to any authority delegated prior to this redelegation or pursuant to any authority redelegated herein taken prior to and in effect on the date of this redelegation are hereby confirmed and ratified, and shall remain in full force and effect as if taken under this redelegation, unless or until rescinded, amended or superseded.

Nothing in this redelegation shall preclude the Director, Procurement and Assistance Management Directorate, from exercising any of the Director's authority whenever in the Director's judgment the exercise of such authority is necessary or appropriate to administer the functions vested in that position.

This delegation is effective immediately, and supersedes all previous delegation memoranda issued to your office by this office on the above authorities.

Berton J. Roth, Director
Procurement and Assistance
Management Directorate

# EXHIBIT 5

ɔn.
ications.
ohibitions,
d marking
ıformation
on.
regarding
ficial's ac-
ɔm a con-
ations.
es, and fur-
ılities to
l
ions of the
ɔd Antitrust
rust viola-
'ees
tions of the
Fees.
Business
on subcon-

3.503-2 Contract clause.

Subpart 3.6—Contracts With Government Employees or Organizations Owned or Controlled by Them

3.601 Policy.
3.602 Exceptions.
3.603 Responsibilities of the contracting officer.

Subpart 3.7—Voiding and Rescinding Contracts

3.700 Scope of subpart.
3.701 Purpose.
3.702 Definition.
3.703 Authority.
3.704 Policy.
3.705 Procedures.

Subpart 3.8—Limitation on the Payment of Funds to Influence Federal Transactions

3.800 Scope of subpart.
3.801 Definitions.
3.802 Prohibitions.
3.803 Certification and disclosure.
3.804 Policy.
3.805 Exemption.
3.806 Processing suspected violations.
3.807 Civil penalties.
3.808 Solicitation provision and contract clause.

Subpart 3.9—Whistleblower Protections for Contractor Employees

3.900 Scope of subpart.
3.901 Definitions.
3.902 Applicability.
3.903 Policy.
3.904 Procedures for filing complaints.
3.905 Procedures for investigating complaints.
3.906 Remedies.

AUTHORITY: 40 U.S.C. 121(c); 10 U.S.C. chapter 137; and 42 U.S.C. 2473(c).

SOURCE: 48 FR 42108, Sept. 19, 1983, unless otherwise noted.

**3.000 Scope of part.**

This part prescribes policies and procedures for avoiding improper business practices and personal conflicts of interest and for dealing with their apparent or actual occurrence.





## Subpart 3.1—Safeguards

**3.101 Standards of conduct.**

**3.101-1 General.**

Government business shall be conducted in a manner above reproach and, except as authorized by statute or regulation, with complete impartiality and with preferential treatment for none. Transactions relating to the expenditure of public funds require the highest degree of public trust and an impeccable standard of conduct. The general rule is to avoid strictly any conflict of interest or even the appearance of a conflict of interest in Government-contractor relationships. While many Federal laws and regulations place restrictions on the actions of Government personnel, their official conduct must, in addition, be such that they would have no reluctance to make a full public disclosure of their actions.

**3.101-2 Solicitation and acceptance of gratuities by Government personnel.**

As a rule, no Government employee may solicit or accept, directly or indirectly, any gratuity, gift, favor, entertainment, loan, or anything of monetary value from anyone who (a) has or is seeking to btain Government business with the employee's agency, (b) conducts activities that are regulated by the employee's agency, or (c) has interests that may be substantially affected by the performance or nonperformance of the employee's official duties. Certain limited exceptions are authorized in agency regulations.

**3.101-3 Agency regulations.**

(a) Agencies are required by Executive Order 11222 of May 8, 1965, and 5 CFR part 735 to prescribe *Standards of Conduct*. These agency standards contain—

(1) Agency-authorized exceptions to 3.101-2; and

(2) Disciplinary measures for persons violating the standards of conduct.

(b) Requirements for employee financial disclosure and restrictions on private employment for former Government employees are in Office of Personnel Management and agency regulations implementing Public Law 95-521, which amended 18 U.S.C. 207.

**3.102 [Reserved]**

**3.103 Independent pricing.**

**3.103-1 Solicitation provision.**

The contracting officer shall insert the provision at 52.203-2, Certificate of Independent Price Determination, in solicitations when a firm-fixed-price contract or fixed-price contract with economic price adjustment is contemplated, unless—

(a) The acquisition is to be made under the simplified acquisition procedures in part 13;

(b) [Reserved]

(c) The solicitation is a request for technical proposals under two-step sealed bidding procedures; or

(d) The solicitation is for utility services for which rates are set by law or regulation.

[48 FR 42108, Sept. 19, 1983, as amended at 50 FR 1727, Jan. 11, 1985; 50 FR 52429, Dec. 23, 1985; 55 FR 25526, June 21, 1990; 60 FR 34744, July 3, 1995]

**3.103-2 Evaluating the certification.**

(a) *Evaluation guidelines.* (1) None of the following, in and of itself, constitutes *disclosure* as it is used in subparagraph (a)(2) of the Certificate of Independent Price Determination (hereafter, the certificate):

(i) The fact that a firm has published price lists, rates, or tariffs covering items being acquired by the Government.

(ii) The fact that a firm has informed prospective customers of proposed or pending publication of new or revised price lists for items being acquired by the Government.

(iii) The fact that a firm has sold the same items to commercial customers at the same prices being offered to the Government.

(2) For the purpose of subparagraph (b)(2) of the certificate, an individual may use a blanket authorization to act as an agent for the person(s) responsible for determining the offered prices if—

(i) The proposed contract to which the certificate applies is clearly within the scope of the authorization; and

### 1.501 Solicitation of agency and public views.

### 1.501-1 Definition.

*Significant revisions*, as used in this subpart, means revisions that alter the substantive meaning of any coverage in the FAR System having a significant cost or administrative impact on contractors or offerors, or a significant effect beyond the internal operating procedures of the issuing agency. This expression, for example, does not include editorial, stylistic, or other revisions that have no impact on the basic meaning of the coverage being revised.

### 1.501-2 Opportunity for public comments.

(a) Views of agencies and nongovernmental parties or organizations will be considered in formulating acquisition policies and procedures.

(b) The opportunity to submit written comments on proposed significant revisions shall be provided by placing a notice in the FEDERAL REGISTER. Each of these notices shall include—

(1) The text of the revision or, if it is impracticable to publish the full text, a summary of the proposal;

(2) The address and telephone number of the individual from whom copies of the revision, in full text, can be requested and to whom comments thereon should be addressed; and

(3) When 1.501-3(b) is applicable, a statement that the revision is effective on a temporary basis pending completion of the public comment period.

(c) A minimum of 30 days and, normally, at least 60 days will be given for the receipt of comments.

### 1.501-3 Exceptions.

(a) Comments need not be solicited when the proposed coverage does not constitute a significant revision.

(b) Advance comments need not be solicited when urgent and compelling circumstances make solicitation of comments impracticable prior to the effective date of the coverage, such as when a new statute must be implemented in a relatively short period of time. In such case, the coverage shall be issued on a temporary basis and shall provide for at least a 30 day public comment period.





### 1.502 Unsolicited proposed revisions.

Consideration shall also be given to unsolicited recommendations for revisions that have been submitted in writing with sufficient data and rationale to permit their evaluation.

### 1.503 Public meetings.

Public meetings may be appropriate when a decision to adopt, amend, or delete coverage is likely to benefit from significant additional views and discussion.

## Subpart 1.6—Career Development, Contracting Authority, and Responsibilities

### 1.601 General.

(a) Unless specifically prohibited by another provision of law, authority and responsibility to contract for authorized supplies and services are vested in the agency head. The agency head may establish contracting activities and delegate broad authority to manage the agency's contracting functions to heads of such contracting activities. Contracts may be entered into and signed on behalf of the Government only by contracting officers. In some agencies, a relatively small number of high level officials are designated contracting officers solely by virtue of their positions. Contracting officers below the level of a head of a contracting activity shall be selected and appointed under 1.603.

(b) Agency heads may mutually agree to—

(1) Assign contracting functions and responsibilities from one agency to another; and

(2) Create joint or combined offices to exercise acquisition functions and responsibilities.

[60 FR 49721, Sept. 26, 1995]

### 1.602 Contracting officers.

### 1.602-1 Authority.

(a) Contracting officers have authority to enter into, administer, or terminate contracts and make related determinations and findings. Contracting officers may bind the Government only to the extent of the authority delegated to them. Contracting officers shall receive from the appointing authority (see 1.603-1) clear instructions in writing regarding the limits of their authority. Information on the limits of the contracting officers' authority shall be readily available to the public and agency personnel.

(b) No contract shall be entered into unless the contracting officer ensures that all requirements of law, executive orders, regulations, and all other applicable procedures, including clearances and approvals, have been met.

### 1.602-2 Responsibilities.

Contracting officers are responsible for ensuring performance of all necessary actions for effective contracting, ensuring compliance with the terms of the contract, and safeguarding the interests of the United States in its contractual relationships. In order to perform these responsibilities, contracting officers should be allowed wide latitude to exercise business judgment. Contracting officers shall—

(a) Ensure that the requirements of 1.602-1(b) have been met, and that sufficient funds are available for obligation;

(b) Ensure that contractors receive impartial, fair, and equitable treatment; and

(c) Request and consider the advice of specialists in audit, law, engineering, information security, transportation, and other fields, as appropriate.

[48 FR 42103, Sept. 19, 1983, as amended at 70 FR 57451, Sept. 30, 2005]

### 1.602-3 Ratification of unauthorized commitments.

(a) *Definitions*.

*Ratification*, as used in this subsection, means the act of approving an unauthorized commitment by an official who has the authority to do so.

*Unauthorized commitment*, as used in this subsection, means an agreement that is not binding solely because the Government representative who made it lacked the authority to enter into that agreement on behalf of the Government.

(b) *Policy*. (1) Agencies should take positive action to preclude, to the maximum extent possible, the need for ratification actions. Although procedures are provided in this section for