# Defendant's Supplemental Exhibit 84

UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ROCKWELL INTERNATIONAL CORPORATION,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 91-1362 C<br>(Judge Yock)<br><br>NOTICE OF DEPOSITIONS |

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Rules of the United States Court of Federal Claims, plaintiff Rockwell International Corporation will take the deposition upon oral examination of defendant United States of America, by the former employee Gregory Fess, on January 14, 1993, at the offices of Vorys, Sater, Seymour & Pease, 52 East Gay Street, Columbus, Ohio 43216, before an officer authorized to administer oaths.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30 of the Rules of the United States Court of Federal Claims, plaintiff Rockwell International Corporation will take the deposition upon

oral examination of defendant United States of America, by the employees or former employees named below, on the dates indicated, at the offices of Chadbourne & Parke, 1101 Vermont Avenue, Washington, D.C. 20005, before an officer authorized to administer oaths.

| Deponent | Date |
|---|---|
| James M. Barr | January 19, 1993 |
| John L. Meinhardt | January 20, 1993 |
| Troy E. Wade, II | January 21, 1993 |
| John C. Tuck | January 22, 1993 |
| W. Henson Moore | January 26, 1993 |
| James D. Watkins | January 27, 1993 |

Each deposition will begin at 9:30 a.m. and continue from day to day and on such adjourned dates as may be necessary until completed.

Dated: December 29, 1992

CHADBOURNE & PARKE
RICHARD J. NEY
WILLIAM J. KELLEY, III

William J. Kelley, III
Attorneys for Plaintiff Rockwell International Corporation
601 South Figueroa Street
16th Floor
Los Angeles, California 90017
(213) 892-1000

CERTIFICATE OF SERVICE

I certify under penalty of perjury that I am in the employ of Chadbourne & Parke, attorneys for plaintiff Rockwell International Corporation ("Rockwell"); my business address is 601 South Figueroa Street, 16th Floor, Los Angeles, California 90017; I am over the age of eighteen years; and on December 29, 1992, I served on defendant United States of America Rockwell's NOTICE OF DEPOSITIONS by mailing a true copy of the same to the office of Allen D. Bruns, Esq., Attorney of Record, Commercial Litigation Branch, Civil Division, United States Department of Justice, Attn: Classification Unit, 2nd Floor, 550 11th Street, N.W., Washington, D.C. 20530.

Executed this 29th day of December, 1992, at Los Angeles, California.

Patricia Meade

Patricia Meade

Defendant's Supplemental Exhibit 85

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

UNITED STATES OF AMERICA and
UNITED STATES OF AMERICA, ex rel.
JAMES S. STONE, )
)
Plaintiffs, )
)
vs. ) 89 M 1154
)
ROCKWELL INTERNATIONAL CORPORATION, et al., )
)
Defendants. )

---

TRIAL TO JURY - DAY 15
TRANSCRIPT OF PROCEEDINGS

---

Proceedings held before the HONORABLE RICHARD P. MATSCH, U.S. District Judge for the District of Colorado, beginning at 8:30 a.m. on the 16th day of March, 1999, in Courtroom C-204, United States Courthouse, Denver, Colorado.

APPEARANCES

For the Plaintiffs: Maria T. Vullo, Esq.
Jeannie S. Kang, Esq.
Matthew Chevez, Esq.
Robert E. Montgomery, Jr., Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
Suite 2607
New York, New York 10019

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

you used to be an area manager. Can you just briefly describe the distinction or difference?

A Sure. Sometime after the FBI raid in June of 1989 and prior to my coming to Rocky Flats, there was a decision to separate the Rocky Flats federal office, the DOE office, out from under the Albuquerque operations office, and to make it separately reporting directly to headquarters. And when Admiral Watkins asked me to go there, he designated me as manager of that what would now be a new office in the Department of Energy, new in the sense of title, and new in the sense of reporting responsibility.

Q Basically a restructuring of the organization?

A Yes.

Q Did you have an understanding that you had the right and responsibility to make the award fee determination for Rockwell's last award fee?

A Yes, I did.

Q I'd draw your attention to Exhibit 2707, which I believe is a stipulated exhibit.

MS. BENSON: It is.

THE COURT: It is.

MS. BENSON: It's stipulated, Your Honor.

THE COURT: Thank you. All right, 2707.

Q (by Mr. Hesch) Can you explain what this letter is?

A This is the letter I sent to Rockwell as a--identifying

to them the award fee that I had decided to allow under the contract for them.

Q What is the period of time that this award fee covers?

A It covers the period from April 1, 1989 through September 30, 1989.

Q You weren't at the plant in September of '89, were you?

A No.

Q Were you able to make an award fee determination?

A Yes.

Q And how were you able to do that if you weren't there at the time?

A Well, in any of the award fee efforts, evaluations, there is a group of people, a performance board of one of a number of names, but it's a board of the plant people who are there in the DOE office reporting generally to the manager, in this case, to the award fee official, whoever that might be, and it is the manager, who are really familiar with work going on at the site, and they go through a fairly lengthy process of looking at reports and making evaluations, ultimately making a recommendation to the fee determining official, and it's up to that official, in this case me, to feel comfortable, probe at maybe the evaluations, and come to a judgment which makes sense for the facts and the contract and the amount of award fee.

Q Were you comfortable with relying on information from

others to make the determination?
A Yes.
Q And why is that?
A Well, they were people who reported to me on the staff. They were people who had been at Rocky Flats, some for a long time, some for shorter times, and they were people who I trusted in the day to day work.
Q Is it unusual to receive input from other people to make award fee determinations?
A No, it's the way it has to be done. The manager, the award fee official has to rely on others for information. I mean, I as the senior person there would perhaps deal with the senior contractor person there, but I don't deal with all the levels of work that these--that the contractor does. There are, perhaps at that time, in the order of 6,000 employees, contractor employees on the site, and a small number of federal employees. So it would be impossible to do it without that kind of review and evaluation by the staff people.
Q And input from headquarters, would that be something that would be important or--
A Certainly. It's another set of facts to use to try in this case to come up with an evaluation and an award fee.
Q Did you ultimately decide for yourself what amount Rockwell should earn for that period?

A Yes, I did.

Q And can you point out from this letter what the amount was that Rockwell received?

A Sure. It's the third line down, an award fee of $1,241,604.

Q And this was based upon your assessment of their performance of work?

A Yes, that's correct.

Q At the time that you made this award fee, were you aware of any fraud or knowing concealment by Rockwell relating to its work under the contract?

A No.

Q Would that have been a concern to you if there were allegations of knowing concealment?

A Yes, it would.

Q Why is that?

A Whenever Watkins asked me to go there, my job presented to him--or presented from him was to get the plant back in operation. It had been stopped with the FBI raid. I knew that the only way we would ever resume operation was to re-establish credibility with the public and our regulators, and so for me, it was extremely important that we be honest about what's going on. And I had established, particularly with our public affairs folks, kind of a rule chiseled almost on the walls that said tell on yourself, even if it hurts. That

Defendant's Supplemental Exhibit 86

JUL 2 6 1990

90-DOE-7564

Mr. John F. McNett
Associate General Counsel
Rockwell International Corporation
P. O. Box 464
Golden, CO 80402-0464

Dear Mr. McNett:

This is in response to comments provided to the Rocky Flats Office concerning the Department of Energy's Award Fee Evaluation of Rockwell International's performance for the period of April 1, 1989 through September 30, 1989. Due consideration was given to your written comments provided by letters dated May 3 and June 7, 1990, and your and Mr. Hood's oral comments presented at our meeting on July 10, 1990.

I have determined, based upon review of the data presented, that my original determination of an award fee in the total amount of $1,579,639.00 for the performance period noted above shall remain the same. I should also note that, since the original determination was made, it has been brought to my attention that in 1988 and 1989 Rockwell did not comply with the leak testing interval for final-stage HEPA filters in Pu plenums specified in either the applicable OSR (annual testing) or in the alternative that had been proposed by Rockwell (testing at a 2 to 3 year interval).

Rockwell International may submit a voucher for payment of this amount to the Albuquerque Operations Office.

Sincerely,

Original Signed By
Robert M. Nelson, Jr.

Robert M. Nelson, Jr.
Manager

bcc:
B. G. Twining, Manager, AL
FMD, AL
J. A. Stout, OCC/AL
Ted Hill, CPD/AL
T. Agy, Admin. Div., RFO

RECORD NOTE: This action is the AFDO's final decision on the amount of fee awarded to Rockwell as a result of its last award fee evaluation under Contract DE-AC04-76DP03533. As allowed by the specific contract language the contractor was allowed to provide a written response and an oral presentation to the FDO for reconsideration of his original determination.

| C&S BR | C/C&S BR | D/AMD | OCC | OOM | OOM | MANAGER |
|---|---|---|---|---|---|---|
| Agy:jk | Miller | Bishop | Betts | Simonson | Pavole | Nelson |
| 7/26/90 | 7/ /90 | 7/ /90 | / /90 | 7/ /90 | 7/ /90 | 7/ /90 |

E 000077